## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 18 2017, 6:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Howard Elam,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 18, 2017

Court of Appeals Case No.
49A02-1704-CR-805

Appeal from the Marion Superior Court

The Honorable Angela D. Davis, Judge

Trial Court Cause No.
49G16-1701-F6-625

**Baker, Judge.**

[1] Howard Elam appeals his convictions for Level 6 Felony Criminal Confinement,[1] Class A Misdemeanor Domestic Battery,[2] and Class A Misdemeanor Intimidation,[3] arguing that the evidence is insufficient to support the convictions. Finding the evidence sufficient, we affirm.

# Facts

[2] Elam dated Sydnea Embry on and off for two years. On December 19, 2016, they were no longer dating, but he was living in her apartment. When she tried to leave her apartment with her three-month-old son,[4] Elam grabbed the infant car seat and told her that she could leave but her son had to stay. He "knew that [Embry] wasn't going to leave without [her] child." Tr. Vol. II p. 9. Embry did not feel as though she could leave, so she went back into her bedroom and tried to figure out how to leave with her baby. At one point, Embry began to leave, but Elam intercepted her, grabbed her son's arm, and "tried to play tug of war" with Embry while attempting to strike her with his other hand. *Id.* at 10. After thirty to forty-five minutes, a friend of Elam knocked on the apartment door and Embry and her son were able to escape.

---

[1] Ind. Code § 35-42-3-3(a).

[2] I.C. § 35-42-2-1.3(a)(1).

[3] Ind. Code § 35-45-2-1.

[4] Elam is not the father of Embry's son.

[3] That night and the next morning, Elam sent Embry many text messages demanding that she drive him to school the next morning:

- "I just kno I better be at dat school tomar [sic] to take my test"
- "U gone take me . . . if I don't get there don't come bac"
- "u better be here to take me to school tomar"
- "don't ever let me c u bac here if I ain't at school in da morning"
- "If I don't get to school . . . don't come back by yo self"
- "B*tch f*ck u and die b*tch I better make it to school"

Tr. Ex. 1-3 (grammar, spelling, and capitalization original). Embry felt as though she had to take Elam to school "[b]ecause [they] had a history of physical abus[e] and mental abuse and [she] just felt intimidated." Tr. Vol. II p. 26.

[4] When Embry arrived at her apartment to take Elam to school, he was still asleep. She took some of her belongings to her car. When she returned, Elam was awake and began accusing her of taking his house key. She said she would wait for him in her car. As she walked out of her apartment, he grabbed her by her hair and pulled her to the ground; he then grabbed her by her feet and pulled her back into the apartment. When he let go of her, she ran to her car and left. After she left, he texted her to say he was sorry: "I apologise for grabbing u da way I did[.]" Tr. Ex. 4 (spelling and grammar original).

[5] On January 5, 2017, the State charged Elam with Level 6 felony criminal confinement, Level 6 felony battery, Level 6 felony domestic battery, Level 6 felony kidnapping, Class A misdemeanor domestic battery, and Class A misdemeanor intimidation. Elam's bench trial took place on March 14, 2017.

The trial court dismissed the Level 6 felony domestic battery and kidnapping charges, found Elam not guilty of Level 6 felony battery, and found Elam guilty of the remaining charges. Following a March 21, 2017, sentencing hearing, the trial court sentenced Elam to an aggregate term of two years imprisonment with one year suspended. Elam now appeals.

## Discussion

[6] Elam argues that there is insufficient evidence supporting his convictions for Level 6 felony criminal confinement, Class A misdemeanor domestic battery, and Class A misdemeanor intimidation. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[7] To convict Elam of Level 6 felony criminal confinement, the State was required to prove beyond a reasonable doubt that he knowingly confined Embry without her consent. I.C. § 35-42-3-3(a). To "confine" means "to substantially interfere with the liberty of a person." I.C. § 35-42-3-1.

[8] Elam argues that because he told Embry she could leave—albeit without her infant son—she consented to the confinement. We cannot agree. Embry testified that she tried to leave twice. First, Elam grabbed the car seat and told her that her son had to stay. Second, Elam intercepted her, grabbed her son's

arm, and played "tug of war" with Embry while trying to strike her with his other hand. Tr. Vol. II p. 10. The fact that Elam told Embry she could leave only if she left her baby with him is irrelevant. Offering a choice to a parent to stay with her infant or leave him in the care of a threatening and violent person is no choice at all. We cannot say that anything in the record leads to a reasonable conclusion that Embry consented to this confinement, and Elam's arguments to the contrary amount to an impermissible request that we reweigh the evidence. *See Dewald v. State*, 898 N.E.2d 488, 491-92 (Ind. Ct. App. 2008) (where defendant blocked in victim's van and argued that she could have left the scene without her van, meaning she was not confined without consent, defendant's argument was merely a request to reweigh the evidence). Based on this evidence, a reasonable factfinder could have found Elam guilty beyond a reasonable doubt. The evidence is sufficient.

[9] To convict Elam of Class A misdemeanor domestic battery, the State was required to prove beyond a reasonable doubt that Elam knowingly touched Embry, a family or household member, in a rude, insolent, or angry manner. I.C. § 35-42-2-1.3(a)(1). Elam argues that the State did not prove beyond a reasonable doubt that Embry was his family or household member. There are multiple ways in which one individual can be a family or household member of another individual, including when the individual "is dating or has dated the other person[.]" Ind. Code § 35-31.5-2-128(2). It is undisputed that Elam and Embry dated on and off for two years. Tr. Vol. II p. 6-7, 51. Therefore, the evidence is sufficient to support this conviction.

[10] Finally, to convict Elam of Class A misdemeanor intimidation, the State was required to prove beyond a reasonable doubt that he communicated a threat to Embry with the intent that she engage in conduct against her will. I.C. § 35-45-2-1(a)(1). A "threat" is, among other things, "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened or another person, or damage property." I.C. § 35-45-2-1(d)(1). A threat is punishable if the speaker "intend[s] his communications to put his target[] in fear for [her] safety, and . . . the communications were likely to actually cause such fear in a reasonable person similarly situated to the target." *Brewington v. State*, 7 N.E.3d 946, 964 (Ind. 2014).

[11] Elam argues that the evidence does not support a conclusion that Embry acted against her will when she decided to give him a ride to school. He notes that Embry testified that she ultimately decided to give him a ride to school because she wanted to go to the apartment to pick up some of her things. Whatever Embry's motivations may have been on the morning she went to pick up Elam are irrelevant. The crime of intimidation was complete as soon as Elam communicated a threat to Embry with the intent that she engage in conduct against her will. Therefore, as soon as he sent a litany of text messages to her the night before threatening her with vague harm as well as telling her to "die" if she did not pick him up the next morning, he had committed the crime of intimidation. *See* Tr. Ex. 1-4. Whatever Embry's decision-making process was the next morning does not matter. We find the evidence sufficient to support this conviction.

The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.